405 So.2d 107 (1981)
Mary DOUGLAS
v.
The GREAT ATLANTIC & PACIFIC TEA COMPANY.
No. 52782.
Supreme Court of Mississippi.
October 14, 1981.
Gaston H. Hewes, Jr., Gulfport, for appellant.
Bryant & Stennis, Grier J. Gregory, David B. Strain, Gulfport, for appellee.
En Banc.
*108 PATTERSON, Chief Justice, for the Court:
In the Circuit Court of the First Judicial District of Harrison County, the jury returned a verdict for A & P grocery store, the defendant, in a slip and fall negligence action brought by appellant, Mary Douglas, for damages.
Douglas appeals from the verdict, assigning several errors, combined herein as two.

I. The trial court erroneously refused plaintiff's Instructions 1, 2, 3, 7, 9, and 13.

II. The jury verdict was not supported by the evidence, being against the overwhelming weight of the credible evidence, evincing bias, passion, and prejudice on the part of the jury; and the trial court erred in overruling Douglas' motion for judgment notwithstanding the verdict, or, in the alternative, a new trial.
On July 3, 1979, Mary Douglas went to the A & P in Gulfport to buy two weeks supply of groceries. It being a holiday eve, the store was quite crowded. She had one more aisle to go and was standing near the frozen food case with a basket full of groceries when she slipped and fell on something wet. When she attempted to get up, she experienced a sharp, burning pain.
Curtis Fairley, the manager of the A & P, saw Douglas at about 1:00 p.m. immediately after the accident and observed about a gallon or so of water on the floor adjacent to the frozen food case. He did not know how long the water had been there, but was sure it came from the frozen food case. He prepared an accident report on July 3, describing the defective condition as water on the floor caused by the "frozen food case leaking water on the floor." To Fairley's personal knowledge, the floor had last been cleaned six or seven hours before the accident.
Fairley further testified he walks the aisles about fifteen or twenty times each day, and on the morning of the accident, he walked through the store about 6 to 8 times. He walked aisle nine, site of the accident, about five times and did not notice any water in the aisle. He last walked aisle nine at 11:30 a.m., an hour and a half *109 before Douglas slipped and fell. Prior to July 3, the frozen food case had not leaked.
The porter of the A & P, Bill Hickman, whose duties include sweeping and scrubbing the aisles on the night shift testified he spent six to eight hours on the night of July 2 and the early hours of July 3 sweeping and scrubbing the floors. He observed no water pooling in aisle nine while working and had never seen any in the past. He also testified that water occasionally comes off the frozen food case and collects on the floor, but that it is wiped dry as soon as observed. He also stated the floor should ideally be swept every three hours. Hickman and Fairley both admitted no sweeper's log was kept because of laziness or indifference.
Bobby Beeson, in charge of stocking the frozen food case, testified the case was stocked from 6:30 a.m. to 12:30 p.m. on July 3. The last time he went down aisle nine was 12:10 p.m. Beeson noticed no water pooling in the aisle nor was there a problem with leakage from the frozen food case.
The evidence on damages, not the primary issue on appeal showed Mary Douglas sustained back injuries from her fall in the A & P which required medical care, hospitalization, and absenteeism from work.
This brings us to appellant's assignment of error that Instructions P-1 and P-2, peremptory instructions, were erroneously refused by the trial court. We think, the trial court properly refused these based on the conflicting evidence of negligence. See Butler v. Chrestman, 264 So.2d 812 (Miss. 1972). Also much of the evidence is circumstantial and such a case should rarely be taken from the jury. Davis v. Flippen, 260 So.2d 847 (Miss. 1972).
We are also of the opinion Instructions P-3, P-7, P-9, and P-13 were correctly refused. These instructions are quoted herein:
JURY INSTRUCTION NO. P-3
The Court instructs the Jury that if you believe by a preponderance of the evidence in this case that the wet floor in the aisle of the A & P on July 3, 1979, created a hazardous condition, and that this condition was created by the Defendant, The Great Atlantic and Pacific Tea Company, or under its authority and if you further believe by a preponderance of the evidence that said condition was the proximate cause of the injuries and damages sustained by the Plaintiff, then you must return a verdict for the Plaintiff, Mary Douglas.
JURY INSTRUCTION NO. P-7
The Court instructs the Jury that if you believe from a preponderance of the evidence in this case that the Defendant, by and through its employees, negligently allowed water to accumulate in the aisle where the Plaintiff was shopping and negligently failed to remove the same from the aisle, and if you further find from a preponderance of the evidence that the water as it was situated in the aisle constituted a hazard to persons using the aisle when shopping and that the Defendant negligently failed to use reasonable care in keeping the aisle dry so that a person exercising reasonable care therein could avoid injury to themselves, and if you further believe from a preponderance of the evidence that the negligence, if any, of the Defendant approximately caused or contributed to the injuries of the Plaintiff, Mary Douglas, then it is the sworn duty of the Jury to return a verdict for the Plaintiff.
JURY INSTRUCTION NO. P-9
The Court instructs the Jury that the Defendant in this case owed a duty to the Plaintiff to exercise reasonable care to see that the portions of the store which the Plaintiff may be expected to use are reasonably safe.
The Court further instructs the Jury that if you believe from a preponderance of the evidence that the wet floor which caused injury to the Plaintiff constituted a hazard to persons using the aisle while shopping, and that said floor condition *110 was created by a negligent act or omission by the Defendant, or one of its employees, or under the Defendant's authority, and if you further believe that such negligence, if any, proximately caused or contributed to the injuries of the Plaintiff, Mary Douglas, then it is your sworn duty to return a verdict for the Plaintiff, regardless of whether the Defendant had knowledge of the fact that the floor was wet.
JURY INSTRUCTION NO. P-13
The Court instructs the Jury that if you believe from a preponderance of the evidence in this case that the Defendant, The Great Atlantic and Pacific Tea Company, through its agents or employees negligently allowed the frozen food counter on aisle nine of its supermarket to leak water onto the aisle prior to the Plaintiff's fall and if you further believe from a preponderance of the evidence in this case that this created an unreasonable hazard to customers walking in said aisle and that the Plaintiff slipped on the water and fell and suffered injuries, then it is your sworn duty to find for the Plaintiff and against the Defendant, The Great Atlantic and Pacific Tea Company.
The primary reason these jury instructions were refused, and properly so, in our opinion, was the failure to require plaintiff to prove the proprietor had actual or constructive notice of the wet condition. The applicable rules concerning proof of notice are stated in Winn Dixie v. Hughes, 247 Miss. 575, 584, 156 So.2d 734, 736 (1963) as follows:
With respect to the necessity of evidence concerning notice of the dangerous floor condition, "there are two rules of fundamental significance. The first of these is that where the floor condition is one which is traceable to the proprietor's own act  that is, a condition created by him or under his authority  or is a condition in connection with which the proprietor is shown to have taken action, no proof of notice is necessary.
"Thus, it has been said that matters as to notice, including questions as to the length of time the dangerous condition existed are eliminated where it appears that the condition was created by defendant or persons for whose conduct he is responsible." Anno., 61 A.L.R.2d at 24.
The second rule, in contrast with that applicable to a floor condition resulting from the act of the proprietor, is this: "* * * where it appears that a floor in a store or similar place of business has been made dangerous by litter or debris present thereon, and that the presence of the litter or debris is traceable to persons for whom the proprietor is not responsible, proof that the proprietor was negligent in relation to the floor condition requires a showing that he had actual notice thereof, or that the condition existed for such a length of time that, in the exercise of reasonable care, he should have known of it." Anno., 61 A.L.R.2d at 26; 2 A.L.I., Rest. of Torts, § 343; 38 Am.Jur. Negligence, § 136; 65 C.J.S. Negligence §§ 45, 51.
Here there was not a scintilla of evidence a third party created the wet hazardous condition; moreover, there was no proof the proprietor created the wet condition. Thus it was the plaintiff's burden to prove either actual or constructive notice on the part of the proprietor of the dangerous wet condition of the floor in front of the frozen food case. In Helveston v. Gibson Products Company of Hattiesburg, Inc., 192 So.2d 389 (Miss. 1966), we affirmed a jury verdict for defendant wherein plaintiff slipped and fell on a puddle of liquid in Gibson's. There we held proof of actual or constructive notice is required where there is no proof the dangerous condition is the result of an affirmative act of the store proprietor or any of his employees. Here, appellant also failed to prove the wet hazardous condition was a result of an affirmative act of the proprietor or his employees so plaintiff had the burden of proving notice; thus the jury must be properly instructed as to notice.
It is possible to reasonably infer from circumstantial evidence presented at trial that the water originated from the adjacent frozen food case; however, even if this be *111 so, proof of the water's presence on the floor for a sufficient amount of time to give reasonable notice to the proprietor is required. This the appellant did not prove. A similar case to the present is Hill v. Allied Supermarkets, Inc., 42 N.C. App. 442, 257 S.E.2d 68 (1979) where plaintiff slipped and fell on some water next to a vegetable bin in a supermarket. There was no evidence to indicate the source of the water or how long the water had been there, and plaintiff's testimony that she guessed the water came from the vegetable bin was viewed by the North Carolina Court as speculation and conjecture. In affirming the directed verdict for the proprietor, that court reasoned as follows:
Moreover, even if the speculations of the plaintiff and her witness identifying the bin as the source of the water should turn out to be correct, there is no evidence as to how long the water had been there nor was there any evidence to show that the defendant knew or in the exercise of reasonable inspection should have known of its presence in time to have removed it before plaintiff stepped into it and fell. There was no evidence that the freezing components of the vegetable bin were malfunctioning in any way or that, if they were, defendant knew or in the exercise of reasonable inspection should have known that this was the case. The testimony of plaintiff's niece that the water "maybe dripped" and that "[w]hen something is defrosting, the more it defrosts or runs the more water," obviously represents no more than speculation on her part. Such conjectures as to possibilities furnish no adequate basis for a jury finding that water in fact did drip from the vegetable bin as result of defrosting and that the dripping water did accumulate on the floor over a long enough period of time to give defendant notice of its presence. Upon all of the evidence, the jury could do no more than speculate about the water's source and about the length of time it had been on the floor. 257 S.E.2d at 71.
While it is quite true the frozen food case was under the superior control of the A & P, we recognize the well settled rule which disallows the application of the doctrine of res ipsa loquitur to slip and fall cases. Daniels v. Morgan & Lindsay, Inc., 198 So.2d 579 (Miss. 1967); F.W. Woolworth Co. v. Stokes, 191 So.2d 411 (Miss. 1966); Sears, Roebuck & Co. v. Tisdale, 185 So.2d 916 (Miss. 1966).
Turning to appellant's assertion the jury verdict is against the weight of the credible evidence so as to evince passion and prejudice, we again are of the opinion this is without merit. We exercise with the utmost care the power to set aside a jury verdict and grant a new trial. Williams v. Hood, 237 Miss. 355, 114 So.2d 854 (1959). Here the appellant failed to sustain her burden of proving actual or constructive notice so the jury verdict, we find, is in accord with the evidence.
AFFIRMED.
SMITH, P.J., ROBERTSON, P.J., and SUGG, WALKER, BROOM, LEE and HAWKINS, JJ., concur.
BOWLING, J., takes no part.