492 So.2d 283 (1986)
B.C. WALLER,
v.
DIXIELAND FOOD STORES, INC., et al.
No. 55,686.
Supreme Court of Mississippi.
July 23, 1986.
*284 Robert C. Grenfell, Jackson, for appellant.
John B. Clark, Michele Stapleton, Daniel, Coker, Horton & Bell, Jackson, Larry E. Clark, Taylorsville, for appellees.
Before WALKER, HAWKINS and PRATHER, JJ.
PRATHER, Justice, for the Court:
This "slip and fall" case originated in the Circuit Court of Smith County. In a negligence action, the jury awarded B.C. Waller a judgment for $44,100.00, but the trial judge entered a judgment notwithstanding the verdict vacating the judgment against the defendant store owner and store manager. Mr. Waller appealed to this Court assigning the following error:
The trial court erred in granting the appellees' motion for a judgment notwithstanding the verdict because the liability was a jury issue which was properly submitted to the jury at trial and the jury rightfully determined that the appellees were liable.

I.
On February 4, 1983, B.C. Waller allegedly slipped and fell on the floor in aisle three of the Piggly Wiggly Supermarket of Taylorsville, Mississippi. Consequently, Mr. Waller filed a negligence action in the Circuit Court of Smith County claiming $185,000.00 in damages. Named as defendants in the suit were Benson Wholesale Co., Inc. (suppliers of Piggly Wiggly), Dixieland Food Stores, Inc., (owners of Piggly Wiggly), and Phillip Skinner (manager of the Taylorsville Piggly Wiggly).
At the trial Waller testified he slipped in a puddle of pink liquid he estimated to be eight to ten inches in diameter.
*285 Manager Phillip Skinner testified that the floor of the store had been waxed between the hours of 6:00 a.m. and 8:00 a.m. the morning of the accident, but no pink liquid had been used in waxing the floors. Mr. Skinner testified it was the practice of the manager and the manager's two assistants to periodically walk up and down the aisles of the store to check for debris. He further testified that his own inspection revealed that aisle three was clear of debris at 10:00 a.m. The accident allegedly occurred at 12:30 p.m.
After the accident occurred, Mr. Skinner was notified and went to aisle three to inspect the spill. His testimony concerning the accident site indicated that the puddle of pink liquid did not appear to have been smeared and did not appear to have been passed through by any traffic.
At the conclusion of the trial, a directed verdict was granted to Benson Wholesale Co., Inc., but the jury returned a verdict against Dixieland Food Stores and Phillip Skinner, awarding damages of $44,100.00. The trial judge subsequently granted a judgment notwithstanding the verdict stating:
In this case there is no evidence as to what the object or substance was or how it got there. There is also no evidence as to how long the object or substance had been on the floor. The only evidence as to whether or not the defendant knew that the object or substance was on the floor was testimony offered by the defendant that he did not know that the object or substance was on the floor.

II.
Did the trial court err in granting appellees' motion for judgment notwithstanding the verdict?
In Mississippi, an owner, occupant, or person in charge of a premises owes to an invitee or business visitor a duty to exercise ordinary care to keep the premises in a reasonably safe condition or to warn the invitee of dangerous conditions, not readily apparent, which the owner or occupier knows of or should know of in the exercise of reasonable care. Wilson v. Allday, 487 So.2d 793 (Miss. 1986); Down v. Corder, 377 So.2d 603 (Miss. 1979); J.C. Penney Co. v. Sumrall, 318 So.2d 829 (Miss. 1975).
With respect to a proprietor's knowledge of a dangerous condition existing on the premises, there are two rules of fundamental significance. When the dangerous condition is traceable to the proprietor's own negligence, no knowledge of its existence need be shown. Douglas v. Great Atlantic and Pacific Tea Co., 405 So.2d 107, 110 (Miss. 1981); Millers of Jackson, Meadowbrook Road, Inc. v. Newell, 341 So.2d 101, 102 (Miss. 1977); Mississippi Winn-Dixie Supermarkets, Inc. v. Hughes, 247 Miss. 575, 584, 156 So.2d 734, 736 (1963).
Where the presence of the dangerous condition is due to the act of a third party, it must be shown that the defendant had actual or constructive knowledge of its presence. Douglas, 405 So.2d at 110; Newell, 341 So.2d at 102; Hughes, 247 Miss. at 584, 156 So.2d at 736. Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it. Douglas, 405 So.2d at 120; Hughes, 247 Miss. at 584, 156 So.2d at 736. This Court now applies the applicable rules to the evidence offered in this case.

A.
Was the spill traceable to any act of the employees of the store?
With one exception, there was no evidence in the present case linking the pink liquid to any acts of the manager or his employees. The one exception was the testimony of B.C. Waller that the area around the spill "look[ed] like they might've been cleaning up or something another and left the stuff there in the floor... ." The defense attorney objected ten different times to the speculation of Mr. Waller and the trial judge sustained all *286 ten objections instructing Mr. Waller to describe the liquid and not to speculate on how it got on the floor. The proof offered does not meet the requirement necessary.

B.
Did the manager have actual notice of the spill or did the spill exist for such a length of time that the manager should have known of it through the exercise of reasonable care?
There was no evidence at trial that Phillip Skinner or any of his employees knew of the spilled liquid. To the contrary, Phillip Skinner testified that nothing regarding the spilled liquid had been brought to the store's attention before the allegations made by Mr. Waller. Additionally, there was no evidence tending to prove how long the pink liquid had been on the floor when Mr. Waller slipped in it. To establish a negligence claim in a slip and fall case, proof that the liquid's presence on the floor for a sufficient amount of time to give reasonable notice to the proprietor is required. Douglas v. Great Atlantic & Pacific Tea Co., 405 So.2d at 111.
The only time frame established during the trial was that Phillip Skinner personally inspected the aisles at 10:00 a.m. and that Mr. Waller slipped in aisle three at 12:30 p.m. If the evidence is taken in the light most favorable to the appellant, there was a two and one-half hour lapse between the last documented inspection by Mr. Skinner and the fall of Mr. Waller. Is proof of a two and one-half hour time lapse sufficient to prove how long the liquid had been in the aisle? This Court holds that it is not.
A similar question was addressed by this Court in Aultman v. Delchamps, 202 So.2d 922 (Miss. 1967). In Aultman, the appellant unsuccessfully relied on the presumption that the store had opened at 8:00 a.m. and that the object she slipped on at 9:30 a.m. had been on the floor of the store for one and one-half hours. The Court responded:
It does not follow that because the store opened at eight o'clock that at precisely that time some person threw the dark object on the floor. It is just logical to assume that the object was thrown there two or three minutes before she stepped on it, and such a presumption is not sufficient to sustain a recovery on the theory that the object had been placed there and remained there for a sufficient length of time so that the appellee by the exercise of reasonable care should have known of the dangerous condition and removed the object from the floor.
Aultman v. Delchamps, 202 So.2d at 924.
Likewise, in the present case, it is just as logical to presume the liquid was spilled at 12:29 p.m. as it is to presume the liquid was spilled at 10:01 a.m. The former presumption is even more credible in light of Phillip Skinner's testimony that the liquid did not appear smeared and it did not appear as if anyone had pushed a buggy through it. Therefore, this Court does not believe the time lapse was sufficient to prove the length of time the liquid had been in the floor.

III.
When a judgment notwithstanding the verdict has been entered, the Supreme Court is required to review the evidence in the light most favorable to the appellant, disregarding any evidence of the appellee in conflict with the evidence favorable to the appellant. If the evidence and the reasonable inferences drawn therefrom would support a verdict for the appellant, then the verdict must be reinstated. Black v. Peoples Bank & Trust Co., 437 So.2d 26, 28 (Miss. 1983); Hollie v. Sunflower Stores Inc., 194 So.2d 217 (Miss. 1967).
In the present case, even if the testimony and the evidence is taken in the light most favorable to the appellant, there is insufficient proof to show how long the pink liquid had been on the floor. The only way a jury could have found against the defendants in this case was through unreasonable speculation. Therefore, this Court holds *287 that the trial judge did not err in granting the judgment notwithstanding the verdict.
AFFIRMED.
WALKER, ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.