**Paul ADCOCK, Plaintiff,**

v.

**INTERNATIONAL PAPER COMPANY, Defendant.**

**Civ. A. No. W91–0103(B)(C).**

United States District Court, S.D. Mississippi, W.D.

Dec. 2, 1992.

---

**6.** Mississippi law is in accord. *See Pfisterer v. Noble*, 320 So.2d 383, 384 (Miss.1975).

Jerry Read, Biloxi, MS, for plaintiff.

Stephen J. Maggio and Paul B. Howell, Franke Rainey & Salloum, Gulfport, MS, for intervenor.

William R. Lancaster, Richard D. Underwood, Varner Parker Sessums Lancaster & Akin, Vicksburg, MS, Dianne K. Vescovo, Memphis, TN, for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on Motion of Defendant International Paper Company for Summary Judgment. Having considered the Motion together with supporting and opposing memoranda, the Court is of the opinion that the Motion is not well taken and should be denied.

## BACKGROUND

Defendant entered into an agreement with Breck Construction Company

("Breck") whereby Breck was to perform pipe fabrication and installation at Defendant's mill in Natchez, Mississippi. Breck employed Plaintiff Paul Adcock to work as a pipefitter on this project. Plaintiff was injured when, during the course of his employment, he stepped into a gap between two pieces of metal grating covering a culvert on Defendant's property. Although the culvert was within the area in which Breck was working on the pipefitting project, the culvert and grating were installed prior to commencement of the Breck project.

Plaintiff filed a Complaint alleging negligence by Defendant in failing to provide Plaintiff with a safe place to work. Plaintiff claims that the failure of Defendant to fasten the two pieces of grating together created an unreasonable risk of harm to Plaintiff as a business invitee. Defendant has moved for summary judgment, asserting that 1. Breck, rather than Defendant, maintained exclusive control over the work site where Plaintiff was injured; 2. Breck was aware of the potential hazards of working around grating; and 3. Defendant had no actual or constructive notice of the allegedly dangerous condition of the grating, and thus is not liable.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c). The United States Supreme Court has held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State*

*University,* 871 F.2d 545, 549 (5th Cir. 1989); *Washington v. Armstrong World Indus., Inc.,* 839 F.2d 1121, 1122 (5th Cir. 1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. at 2552. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. at 2552–53. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. at 2553.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Service Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

## ANALYSIS

Under Mississippi law, an owner of premises owes to an invitee a duty to exercise reasonable or ordinary care to keep the premises in a reasonably safe and suitable condition or to warn the invitee of dangerous, not readily apparent conditions of which the owner knows or should know in the exercise of reasonable care. *Wilson v. Allday,* 487 So.2d 793, 795 (Miss.1986). The owner need not warn the invitee, how-

ever, where the invitee knows or should know of an apparent danger. *Id.* at 795–96.

### Control of the Premises

■ Defendant first asserts that, as a matter of law, it owed Plaintiff no duty concerning the grating because the grating was within the pipe-fitting work site and under Breck's exclusive control. Defendant points to provisions of the contract between Defendant and Breck, in which Breck agreed to keep the work site in a safe condition, and the affidavits of John Schween, president of Breck, and James Pevey, Defendant's project manager for the Breck project, both stating that Breck had exclusive control over the work site.

Defendant cites *Magee v. Transcontinental Pipeline Corp.,* 551 So.2d 182, 185 (Miss.1989), in which the Mississippi Supreme Court held that "[w]here a party ... contracts with another ... to perform original or repair work ... and devolves upon the contractor the right and fact of control of the premises and the nature and details of the work, the owner has no liability for injuries experienced by the contractor's workers where those injuries arose out of or were intimately connected with the work." The court also noted in *Magee* that "[w]hat is critical is whether the project owner maintains any right of control over the performance of that aspect of the work that has given rise to the injury." *Id.* at 186. The *Magee* court thus found the project owner entitled to summary judgment where a trench excavated by an independent contractor collapsed on the plaintiff, an employee of the contractor. The facts in this case differ from those in *Magee,* however, because although Plaintiff walked over the grating in the course of his employment by Breck, Breck did not install the grating nor did its contract call for it to do any work on the grating. Plaintiff's injuries thus arose not out of any work performed by Breck employees, but out of a dangerous condition existing before Breck performed any work at Defendant's property. Defendant thus is not entitled to judgment a matter of law under *Magee.*

### Duty to Warn

■ Defendant alternatively contends that, as a matter of law, it had no duty to warn Plaintiff because Breck was aware of the danger posed by the grating. Defendant relies on *Mississippi Chemical Corp. v. Rogers,* 368 So.2d 220, 222 (Miss.1979), in which the Mississippi Supreme Court held that "knowledge of danger by an independent contractor relieves the owner from the duty of warning the independent contractor or his employees." Defendant also cites the affidavit of John R. Schween, president of Breck, in which he states that there was no need for Defendant to warn Breck or its employees of any hazards of working around grating because Breck was experienced in heavy construction and familiar with grating and dangers associated with it.

In *Mississippi Chemical,* an employee of an independent contractor was injured when he fell through the owner's roof. The plaintiff claimed that the owner was negligent in failing to warn him that transite, the asbestos-type material covering the roof, would not support his weight. The Mississippi Supreme Court held that the owner had no duty to warn the plaintiff because it was undisputed that the independent contractor knew that transite would not support the weight of a person and that it was dangerous to walk on it.

This case is distinguishable from *Mississippi Chemical,* however, because in that case the plaintiff's injury arose from the inherent nature of transite, of which the independent contractor was fully aware. In this case, Plaintiff alleges that his injuries arose not from the inherent characteristics of the grating, but from its improper installation. Although Defendant offers evidence that Breck was experienced in working with grating, Defendant has offered no evidence that either Plaintiff or Breck was aware that the grating had not been properly anchored or secured. Defendant thus is not entitled to judgment as a matter of law under *Mississippi Chemical.*

### Notice

■ Defendant finally denies liability as a matter of law because Defendant had

no actual or constructive notice of the gap between the grating until after Plaintiff had been injured and Breck had repaired it. Defendant relies on *Jerry Lee's Grocery, Inc. v. Thompson,* 528 So.2d 293 (Miss. 1988), and *Waller v. Dixieland Food Stores, Inc.,* 492 So.2d 283 (Miss.1986), but both of those cases specifically hold that a plaintiff need not prove that the owner had notice of the dangerous condition when the condition is traceable to the negligence of the owner or its agents. It is only when the condition is caused by a third party unconnected with the owner that a plaintiff need prove that the owner had actual or constructive knowledge. *Id.* at 295, *Waller,* 492 So.2d at 285. Defendant thus is not entitled to judgment as a matter of law, and there clearly exists a genuine issue of material fact as to whether the improperly installed grating is traceable to Defendant's negligence.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment is denied.

SO ORDERED.