**Sarah DICKENS, Plaintiff,**

**v.**

**WAL–MART STORES, INC., Defendant.**

Civ. A. No. 3:93–cv–110WS.

United States District Court,
S.D. Mississippi,
Jackson Division.

Jan. 10, 1994.

James H. Isonhood, Brandon, MS, for plaintiff.

Edley H. Jones, III, Jackson, MS, for defendant.

## *MEMORANDUM OPINION AND ORDER*

WINGATE, District Judge.

Before the court is the defendant's motion for summary judgment filed pursuant to Rule 56(b),[1] Federal Rules of Civil Procedure. Plaintiff opposes the motion. By its motion, defendant Wal–Mart Stores, Inc., seeks a judgment absolving it of any liability to plaintiff Sarah Dickens, who, while shopping on defendant's premises, allegedly slipped on a clothes hanger, fell and severely injured herself. Defendant asserts that under the applicable law and the undisputed facts plaintiff's claims are vulnerable to a grant of summary judgment in defendant's favor. This court agrees.

The plaintiff here is Sarah Dickens, a citizen of Mississippi. The defendant is Wal–Mart Stores, Inc., (hereinafter "Wal–Mart"), incorporated in the State of Delaware. The court's jurisdiction over this lawsuit is predicated upon diversity of citizenship, 28 U.S.C. § 1332(a)(1). Pursuant to the dictates of *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), this court applies Mississippi substantive law to this dispute.

## I.

### *Background Facts*

On or about January 10, 1992, Sarah Dickens entered the Wal–Mart Store in Kosciusko, Mississippi, to shop. According to plaintiff, as she was walking through the ladies' clothing department, she suddenly found herself on the ground. The plaintiff alleges in her complaint that she slipped on a clothes hanger, fell and injured herself. Plaintiff contends that the presence of this clothes hanger on the floor constituted a breach of the defendant's duty owed to her to keep its premises in a reasonably safe condition.

The deposition testimony of the plaintiff establishes that prior to her fall she did not see a clothes hanger on the floor. Adverse to her claim, she also admits that she has no personal knowledge or information that a Wal–Mart employee caused the alleged clothes hanger to be on the floor or even that a Wal–Mart employee had actual knowledge that a clothes hanger was on the floor in this area prior to her fall. Furthermore, the plaintiff does not profess to have any personal knowledge or information about the length of time the alleged clothes hanger was on the floor prior to her fall.

On the other hand, the affidavit of store manager Mike Fulton establishes that at the time of this incident Wal–Mart had in place safety procedures and extensive training of all employees to prevent and detect hazards in the aisles of the store. Defendant also submits the affidavit of department manager Debbie Salley wherein she states that she was in the ladies' clothing department continuously prior to the time of the plaintiff's fall and that no one complained of a clothes hanger on the floor prior to the plaintiff's fall. Salley further avers that the area where the plaintiff fell was clean of hazards, including clothes hangers. Defendant adds that immediately after the incident its employee took photographs of the aisle where the plaintiff allegedly fell, and that these photographs fail to show the presence of any hangers in the area.

## II.

### *Summary Judgment*

**A.** ***Standard of Review.***

Rule 56(e) of the Federal Rules of Civil Procedure provides in part that:

> asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

---

1. Rule 56(b) of the Federal Rules of Civil Procedure provides:

 (b) For Defending Party. A party against whom a claim, counterclaim or cross-claim is

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

*See also Celotex Corporation v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (holding that in response to a motion for summary judgment, the non-moving party must make a showing sufficient to establish an element essential to its case); *Fontenot v. Upjohn Co.,* 780 F.2d 1190, 1195–96 (5th Cir.1986) (finding that the non-moving party's burden is greater than merely resting on his allegations and beliefs); *Pope v. Mississippi Real Estate Comm'n,* 695 F.Supp. 253, 262–63 (N.D.Miss.1988), *aff'd on other grounds,* 872 F.2d 127 (5th Cir.1989); *McGee v. Randall Div. of Textron, Inc.,* 680 F.Supp. 241, 245 (N.D.Miss.1987), *aff'd on other grounds,* 837 F.2d 1365 (5th Cir.1988).

## III.

### *The Duty Of The Owner Of The Premises Towards Invitees*

■■■ The fact that the plaintiff suffered injuries as a result of a slip/fall on the defendant's premises is not decisive to the issue of whether the defendant committed a negligent act. The premises owner is not considered an insurer of the safety of its invitees. *Kroger, Inc. v. Ware,* 512 So.2d 1281, 1282 (Miss. 1987). Rather, the owner's duty towards its invitees is to keep the premises reasonably safe, and, when not reasonably safe, to warn only where there is hidden danger or peril that is not in plain and open view. *McGovern v. Scarborough,* 566 So.2d 1225, 1228 (Miss.1990).

Thus, the Mississippi Supreme Court holds that, notwithstanding a plaintiff's injury, where the owner takes reasonable precautions to provide safe premises, no liability will be imposed:

Assuming, without deciding, that the operator of a self-service business has a general duty to take reasonable precautions to protect his customers against a general category of hazards caused by other customers, even though he has no constructive notice of the specific hazard involved, we must conclude that such reasonable precautions were taken in this case. The record discloses that the aisles were swept daily and that a security officer made periodic rounds of the store. Furthermore, all employees were instructed to straighten up their departments and to be alert for safety hazards. We can not hold that they were required to do more.

Newell seems to argue that accidents are an inevitable concomitant to doing business in a self-service fashion and that such costs should be charged to the proprietor. The law does charge certain costs of preventing accidents to the proprietor, but the law does not require that he provide perfect protection against accidents. *Stanley v. Morgan & Lindsey, Inc.,* 203 So.2d 473, 476 (Miss.1967). Even *Ciminski [v. Finn Corp., Inc.,* 13 Wash.App. 815, 537 P.2d 850 (1975) ] only requires that he take reasonable precautions. Furthermore, our law requires that he must remove those hazards of which he has actual or constructive notice. It should be noted that the customer as well as the proprietor benefits from a self-service operation. The customer chooses to shop in a self-service store for his own convenience, and it is reasonable that the law should impose upon him a certain duty to look out for his own welfare. Where, as here, the proprietor has taken reasonable precautions to protect his customers, the costs of accidents must fall on those customers who are in a better position to look out for themselves.

*Millers of Jackson, Meadowbrook Road, Inc. v. Newell,* 341 So.2d 101, 103 (Miss.1977). *Accord Caruso v. Picayune Pizza Hut, Inc.,* 598 So.2d 770, 773–74 (Miss.1992); *Lyle v. Mladinich,* 584 So.2d 397, 399 (Miss.1991); *Jerry Lee's Grocery, Inc. v. Thompson,* 528 So.2d 293, 295 (Miss.1988); *Ware,* 512 So.2d at 1282; *Knapp v. Stanford,* 392 So.2d 196, 198 (Miss.1980).

## IV.

### *Plaintiff's Burden Of Proof To Establish Liability Of Defendant*

 Where the plaintiff proves that the unsafe condition was a result of the conduct of the defendant, then plaintiff is not obliged to prove in addition that the defendant had actual or constructive knowledge of that unsafe condition. *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So.2d 293, 295 (Miss.1988). On the other hand, where the plaintiff is unable to show that the condition was caused by the defendant's acts, then, in order to prevail, she must allege and prove by competent evidence the defendant's actual or constructive knowledge of the condition. *Douglas v. Great Atl. & Pac. Tea Co.*, 405 So.2d 107, 110 (Miss.1981). And, where plaintiff seeks to establish constructive knowledge, as opposed to actual knowledge, the plaintiff must establish that the unsafe condition existed for a time period sufficiently long enough to put a reasonably prudent store owner on notice. *Id.*

 The courts will not indulge in presumptions on the length of time an unsafe condition may have existed; rather, a plaintiff must present specific proof on this point. In *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283 (Miss.1986), the Mississippi Supreme Court discussed the fallacy of presuming the length of time an unsafe condition might have existed from proof of when the defendant made its last inspection. In *Waller*, the defendant made his last inspection at 10:00 a.m., and the plaintiff slipped in aisle three at 12:30 p.m. Plaintiff argued that this two and one-half hour lapse was sufficient to prove how long the liquid in question had been in the aisle. The Mississippi Supreme Court disagreed, pointing out that "it is just as logical to presume the liquid was spilled at 12:29 p.m. as it is to presume the liquid was spilled at 10:21 a.m." *Id.* at 286.

The Mississippi Supreme Court reached a similar holding in *Aultman v. Delchamps*, 202 So.2d 922 (Miss.1967), discussed in *Waller.*

> A similar question was addressed by this Court in *Aultman v. Delchamps*, 202 So.2d 922 (Miss.1967). In *Aultman*, the appellant unsuccessfully relied on the presumption that the store had opened at 8:00 a.m. and that the object she slipped on at 9:30 a.m. had been on the floor of the store for one and one-half hours. The Court responded:

> > It does not follow that because the store opened at eight o'clock that at precisely that time some person threw the dark object on the floor. It is just as logical to assume that the object was thrown there *two or three minutes* before she stepped on it, and such a presumption is not sufficient to sustain a recovery on the theory that the object had been placed there and remained there for a sufficient length of time so that the appellee by the exercise of reasonable care should have known of the dangerous condition and removed the object from the floor.

> *Aultman v. Delchamps*, 202 So.2d at 924.

*Waller*, 492 So.2d at 286.

### *HOLDING*

 Plaintiff here has presented no evidence to the court sufficient to withstand defendant's motion for summary judgment. Plaintiff cannot establish that Wal–Mart caused the clothes hanger to be on the floor, that Wal–Mart had prior knowledge that the clothes hanger was on the floor, or what was the length of time the clothes hanger was there. Contrari-wise, Wal–Mart has shown that it had in place various safety measures designed to provide reasonable safe premises to its customers. On these facts, under the applicable law, this court holds that Wal–Mart is entitled to a grant of summary judgment.

**SO ORDERED AND ADJUDGED.**