IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-60306
_____

LINDA LICHTMAN,

                         Plaintiff-Appellant,

v.

HARRAH'S TUNICA CORPORATION, ET AL,

                         Defendants,

HARRAH'S TUNICA CORPORATION,

                         Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
(2:96-CV-89-B-B)
_____

May 18, 1999

Before KING, Chief Judge, REYNALDO G. GARZA and JOLLY, Circuit
Judges.

PER CURIAM:[*]

     Plaintiff-appellant Linda Lichtman, who prevailed in a jury

trial on a negligence action against defendant-appellee Harrah's

Tunica Corporation, appeals the district court's grant of

judgment as a matter of law.  Viewing the evidence in the light

most favorable to the jury verdict, as we must, we find that

_____

     [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasonable persons could reach different conclusions based on the relevant facts.  Accordingly, we reverse the district court's grant of judgment as a matter of law and remand this case with instructions to reinstate the jury verdict.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On October 5, 1995, at approximately 8:00 p.m., plaintiff-appellant Linda Lichtman tripped and fell on an asphalt driveway outside defendant-appellee Harrah's Tunica Corporation's ("Harrah's") casino.  Lichtman sustained a broken hip and ultimately incurred medical bills in the amount of $18,928.52.  She brought a negligence action against Harrah's in Mississippi state court, which Harrah's removed to the United States District Court for the Northern District of Mississippi on the basis of the parties' diversity of citizenship.

The evidence at trial showed the following.  Lichtman's witnesses testified that the asphalt driveway on which she fell contained several lipped holes, one and a half to two inches deep, that were the same color as the driveway itself.  Although the driveway was illuminated, the lighting was inferior to that at the entrance to the casino.  Two Harrah's employees testified that the holes had been present for several months and that they were aware of the condition of the driveway.  In addition, Lichtman introduced several photographs showing a series of lipped holes in the driveway.  Harrah's conceded that it knew of the holes, that it was responsible for the maintenance of the driveway, and that no steps had been taken to repair it or to

2

warn patrons of its condition. Three Harrah's employees testified as to the depth of the holes in question: One stated that they were one-eighth to one-sixteenth of an inch deep, another claimed that they were one-quarter of an inch deep, and a third asserted that they were one-eighth to one-quarter of an inch deep. Finally, Harrah's supervisor of security, Bob Chism, testified that between November 1993 and May 1997, "four million, almost five million people" entered Harrah's premises and that he was unaware of any other person falling in the location where Lichtman had fallen.

At the close of the evidence, the jury returned a verdict for Lichtman and awarded damages in the amount of $125,000.00. Harrah's filed a motion for judgment as a matter of law or, in the alternative, for a new trial. The district court granted Harrah's judgment as a matter of law and denied Lichtman's motion for reconsideration was denied. Lichtman appealed.

## II. DISCUSSION

On appeal, Lichtman makes two arguments. First, she contends that the district court abused its discretion by permitting Chism to testify that "four million, almost five million people" entered Harrah's between 1993 and 1997 and that he was unaware of anyone falling where Lichtman had fallen. Second, she maintains that the district court erred by granting the motion for judgment notwithstanding the verdict. Because we agree with Lichtman's second argument, we need not address the first.

3

## A.  Standard of Review

We review a district court's ruling on a motion for judgment as a matter of law de novo.  See Nichols v. Lewis Grocer, 138 F.3d 563, 565 (5th Cir. 1998).  In considering a motion for judgment following a jury verdict, a court should review the evidence and all reasonable inferences therefrom in the light most favorable to the non-moving party.  See Fruge v. Penrod Drilling Co., 918 F.2d 1163, 1165 (5th Cir. 1990).  If the material evidence is such that reasonable and fair-minded persons could reach different conclusions based on the relevant facts, the court errs in granting judgment as a matter of law.  See id. at 1165-66.  We review the district court's interpretation of state law de novo.  See Labiche v. Legal Sec. Life Ins. Co., 31 F.3d 350, 351 (5th Cir. 1994).

## B.  Analysis

Citing McGovern v. Scarborough, 566 So. 2d 1225 (Miss. 1990), and Waller v. Dixieland Food Stores, 492 So. 2d 283 (Miss. 1986), the district court concluded that the holes that Lichtman described as the cause of her fall were not a dangerous condition as a matter of law and that, therefore, no negligence on the part of the defendant was proven.  We disagree.

In McGovern, the Mississippi Supreme Court held that a raised threshold was not unreasonably dangerous as a matter of law because the floor itself was at least two inches higher than the exterior walkway:

According to Scarborough, he raised the threshold three-quarters of an inch. A person entering the building from the sidewalk through this door was obliged to step up two to three inches in any event. By any stretch of the imagination can it be said that the entrance to this building was not <u>reasonably</u> safe? And, it is impossible to envision this doorway as creating a <u>danger</u> of some kind, in some way different from thousands of like doorways.

556 So. 2d at 1228. In this case, on the contrary, Lichtman's witnesses testified that the holes that caused her fall were one-and-a-half to two inches deep and surrounded by raised lips. We therefore do not think <u>McGovern</u> provides any support for the conclusion that such a condition was not unreasonably dangerous as a matter of law. The Mississippi Supreme Court's decision in <u>Waller</u>, affirming a grant of judgment notwithstanding the verdict because there was no evidence that the defendant had notice of the allegedly dangerous condition or that it had existed for such a length of time that the defendant should have known of it through the exercise of reasonable care, <u>see</u> 492 So. 2d at 286, is similarly inapposite. In the instant case, two Harrah's employees testified at trial that they were aware of the condition of the driveway.

Viewing the evidence and all reasonable inferences therefrom in the light most favorable to Lichtman, <u>see</u> <u>Fruge</u>, 918 F.2d at 1165, there is ample proof that the driveway was unreasonably dangerous. Lichtman's witnesses stated that the holes were up to two inches deep and ringed by raised lips. Although Harrah's introduced a surveillance videotape purporting to show that Lichtman was walking backwards when she fell, two of Lichtman's witnesses testified that she was, in fact, walking forwards.

5

Moreover, Chism admitted that the surveillance videotape was a "time lapse video" that does not "shoot every millimeter, fraction of a second of the day" but rather "composites activity in close proximity of real true time and depicts it when it is played back" and "captures less frames per second" than a home videotape. There is thus sufficient evidence from which a reasonable factfinder could determine that the driveway in question was unreasonably dangerous, and the district court therefore erred in granting judgment as a matter of law. Because we so decide, we need not address Lichtman's argument that the district court abused its discretion in admitting testimony as to the absence of prior accidents.

## III. CONCLUSION

For the foregoing reasons, the judgment of the district court is REVERSED and the case is REMANDED with instructions to reinstate the jury verdict.