# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 18, 2010

No. 09-60622
Summary Calendar

Charles R. Fulbruge III
Clerk

CHARLES ROGERS,

Plaintiff - Appellant

v.

WAL-MART STORES, INC.,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-1145

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Charles Rogers appeals the summary judgment granted to Wal-Mart Stores, Inc. in his slip and fall case. Because there is no genuine issue of material fact, we affirm.

I.

Rogers and his wife were grocery shopping at the Ocean Springs, Mississippi Wal-Mart store on Sunday, August 21, 2005. Rogers slipped and fell

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60622

in a puddle of water on the floor of the frozen food aisle and injured his knee. He filed suit against Wal-Mart, alleging that its negligence caused his injuries.

The district court granted Wal-Mart's motion for summary judgment. Rogers filed a timely notice of appeal.

## II.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). We review the district court's grant of summary judgment *de novo. Gray Law LLP v. Transcontinental Ins. Co.*, 560 F.3dc 361, 365 (5th Cir. 2009). "In determining whether a genuine issue as to any material fact exists, we must view the evidence in the light most favorable to the nonmoving party." *Id.*

Under Mississippi law, Wal-Mart owed a duty to Rogers to "exercise ordinary care to keep the premises in a reasonably safe condition." *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 285 (Miss. 1986). "When a dangerous condition on the premises is caused by the operator's own negligence, no knowledge of its existence need be shown." *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss. 1992) (quoting *Jerry Lee's Grocery, Inc. v. Thompson*, 528 So.2d 293, 295 (Miss. 1988)). However, "[w]hen a dangerous condition on the premises or floor is caused by a third person unconnected with the store operation, the burden is upon the plaintiff to show that the operator had actual or constructive knowledge of its presence." *Id.* Rogers concedes that he is limited to recovery under the doctrine of constructive knowledge. Reply Brief, at p. 7. "Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it." *Waller*, 492 So.2d at 285.

In his opposition to the motion for summary judgment, and in his appellate brief, Rogers argues that there is a genuine issue of material fact as to how long the water was on the floor. He contends that because he was in the store for at least forty-five minutes prior to slipping and falling, it follows that the water must have been on the floor long enough to create a fact issue as to constructive notice. Rogers has not explained how the length of time he had been shopping in the store has any bearing on how long the water was on the floor. It is just as likely that the water had been there for one or two minutes before Rogers's fall as it is that the water had been there for more than forty-five minutes.

Rogers's reliance on *Elston v. Circus Circus Miss., Inc.*, 908 So.2d 771 (Miss. Ct. App. 2005), is misplaced. In that case, there was evidence that the premises owner usually watered plants in the lobby between 10:00 and 11:00 a.m. on Thursdays. *Id*. at 775. The plaintiff slipped in water near the plants on a Thursday between 1:45 and 2:45 p.m. *Id*. The court concluded that that evidence "can allow a jury to reasonably infer that the water had been in the floor for a sufficient period of time to establish that [the premises owner] should have known the water was on the floor." *Id*. Rogers, unlike the plaintiff in *Elston*, produced no evidence to satisfy his burden of showing that the water was on the floor for such a length of time that Wal-Mart should have known of it.

Rogers contends further that there is a genuine issue of material fact as to whether Wal-Mart followed its policy of conducting "safety sweeps" on the date of his injury. Rogers asserts that because Wal-Mart failed to produce evidence to establish that it conducted a safety sweep of the frozen food aisle in the hour preceding his slip and fall, it is possible that the employee responsible for conducting that sweep failed to do so. Wal-Mart produced evidence that it had in place a policy to conduct hourly safety sweeps and that sweeps were conducted on the evening in question. Rogers's speculation that it is possible

No. 09-60622

that an employee failed to perform in accordance with that policy is insufficient to defeat summary judgment.

## III.

The district court correctly granted summary judgment for Wal-Mart based on the absence of any evidence from which a jury might reasonably infer constructive notice.  Accordingly, the summary judgment is

AFFIRMED.