# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2022-IA-01054-SCT

*DOLGENCORP, LLC*

*v.*

*PATSY PAYTON*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/27/2022 |
| TRIAL JUDGE: | HON. MATTHEW GORDON SULLIVAN |
| TRIAL COURT ATTORNEYS: | THOMAS QUITMAN BRAME, JR. |
| | ERIC NICHOLAS CERRA |
| | MATTHEW D. MILLER |
| | NICHOLAS KANE THOMPSON |
| | ANDREA BOYLES PACIFIC |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | NICHOLAS KANE THOMPSON |
| | MATTHEW D. MILLER |
| | ANDREA BOYLES PACIFIC |
| ATTORNEY FOR APPELLEE: | ERIC NICHOLAS CERRA |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND RENDERED - 06/22/2023 |
| MOTION FOR REHEARING FILED: | |

**BEFORE KING, P.J., MAXWELL AND GRIFFIS, JJ.**

**MAXWELL, JUSTICE, FOR THE COURT:**

¶1. In this slip-and-fall case, the trial court denied the defendant business Dolgencorp's summary judgment motion. The judge found there "*may* be a question of fact." (Emphasis added.) But the summary judgment standard is clear—"[t]he judgment sought *shall be rendered* forthwith if . . . there is no genuine issue as to any material fact, and . . . the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c) (emphasis added).

And after de novo review, it is clear the plaintiff, Patsy Payton, failed to present sufficient evidence to establish a material fact issue as to whether the alleged dangerous condition—Carpet Fresh powder on the floor of the main aisle of a Dollar General store—had existed long enough on the ground for the store to have constructive knowledge of the spill.

¶2. The only evidence Payton produced was her deposition testimony that no other customer was in the store when she arrived. And soon after arriving, she slipped and fell, implying that the substance must have been spilled sometime before she entered the store. But Payton admitted she had only been in the store less than a minute when she fell. So Payton has no evidence as to how long the powder may have been on the aisle floor—it could have been there an hour or, just as reasonably, mere minutes.

¶3. Without sufficient evidence to establish an essential element of her slip-and-fall claim—that the dangerous condition existed long enough to establish constructive knowledge—Payton's complaint cannot survive summary judgment. We reverse the denial of Dolgencorp's summary judgment motion and render judgment in Dolgencorp's favor.

<strong>Background Facts & Procedural History</strong>

**I. Payton's Fall**

¶4. On November 14, 2016, just before noon, Payton entered the Bay Springs Dollar General store. She grabbed a shopping cart and greeted an employee at the cash register. Payton did not see any other employees or customers. Payton proceeded down the middle aisle. According to her deposition testimony, less than a minute from when she entered the

store, "something smooth interrupted [her] on the floor." "[B]efore [she] knew it, one leg went that way, and one leg went that way, and [she] went down" in the splits, still clutching the cart. When asked in her deposition what had caused her to fall, Payton said it was "[s]omething smooth on the floor." Payton did not see this "something smooth" before or after she fell. Nor did she notice anything else unusual in the aisle. She did not know what size the "something smooth" was, how it got there, or how long it had been there.

¶5.    Payton got up and reported her fall to the employee at the register, manager Shontessa Harris. Payton did not recall what Harris said to her right after the fall. Payton filled out an incident report. This is how she described the incident: "Coming up to front and it was something like powder[.] [R]ight feet went in front of me[,] left behind me." Originally, Payton answered "no" to the form question, "Was merchandise involved?" But the next day, she returned to the store and spoke with Harris. Payton amended the report. She then put a bold X on the "yes" box following the question, "Was merchandise involved?" And before the question, she put an asterisk. At the bottom of the page was another asterisk and a hand-written note: "Amended[—]merchandise involved[—]Shontessa Harris said it was [C]arpet [F]resh on floor[.] [S]he swept it up." To clarify this, Payton was asked in her deposition about Harris sweeping up the Carpet Fresh. And Payton made clear that Harris swept up the Carpet Fresh "[a]fter I fell."

## II.    Dolgencorp's Motion for Summary Judgment

¶6.    Payton sued the store's owner, Dolgencorp, for negligence. At the completion of the discovery period, Dolgencorp moved for summary judgment.

3

¶7.     Dolgencorp argued Payton could not establish an essential element of her premises-liability-based negligence claim.  Specifically, Dolgencorp insisted it was not liable because Payton had no evidence that any store employee caused the smooth substance to be on the floor.  Nor could she show any store employee knew the smooth substance was on the floor before she fell.  According to Dolgencorp, Payton could not even show the smooth substance was on the floor long enough that store employees should have known about it.

¶8.     In her response, Payton argued the substance had to be on the floor before she entered the store because no other customer or employee besides Harris was there to have created the spill.  And because the store was not busy and the cash register was near where Payton fell, Harris should have known the substance was in the aisle.[1]

### III.     Trial Court's Ruling

¶9.     Following a hearing, the trial court denied Dolgencorp's motion.  From the bench, the trial judge announced that, "[i]n light of the fact . . . that there may be a question of fact as to this powder contributing to this fall, I'm going to deny your motion for summary judgment."

---

[1] Payton also put forth an alternate theory that Harris had actually swept the powder into the aisle before Payton entered the store.  To support this theory, Payton submitted a Dollar General written corporate policy about floor maintenance, which was filed under seal. This policy required that each day debris and trash be removed from sales floor by sweeping with a broom all material under fixtures and in hard-to-reach areas into the aisle and then into a dustpan.  Payton's counsel cited the part of the incident report relaying that "Harris said it was [C]arpet [F]resh on floor[.] [S]he swept it up."  Payton's theory was that, on the morning of the incident, Harris had swept the Carpet Fresh into the center aisle, per the policy.  But she must not have swept it into the dustbin and removed it before Payton fell. This speculative theory, however, was debunked by Payton's own deposition testimony that Harris swept up the powder *after* Payton fell.

4

¶10.    Dolgencorp filed a petition for permission to file an interlocutory appeal, which this Court granted.

**Discussion**

¶11.    There is just one issue on appeal—did Payton produce sufficient evidence to establish a triable premises-liability claim?[2]

¶12.    This Court reviews the denial of a summary judgment motion de novo, applying the same standard as the trial court. *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 228 (Miss. 2005). We view the evidence in the light most favorable to the nonmovant. *Id.* "The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is

---

[2] We note that Dolgencorp also raises as an issue on appeal that the trial judge erred by basing his summary judgment ruling in part on Payton's attorney's law partner's medical situation.

A week after Dolgencorp moved for summary judgment, Payton's counsel's law partner sustained a severe injury. Payton's attorney requested and was given more time to file a response to the summary judgment motion. At the summary judgment hearing, the trial court asked Payton's counsel how his law partner was recovering. Dolgencorp pointed out that the partner's injury occurred after the June 6, 2021 discovery deadline. So the lawyer's injury had not hindered Payton's counsel from gathering sufficient evidence to survive summary judgment. But in making his bench ruling, the trial judge added that he was also denying summary judgment based on the fact Payton's counsel's law partner "was involved in this case . . . and he is now incapacitated, and [Payton's counsel] is forced to take on the entirety of his practice . . . ."

While we acknowledge what the trial judge said from the bench, it is apparent that the crux of the summary judgment ruling was that "there may be a question of fact" surrounding the powder on the floor. So we focus on this issue. And because this issue is dispositive, we need not address Dolgencorp's other argument.

no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Miss. R. Civ. P. 56(c).

¶13. This Court has been clear that, when facing a summary judgment motion, a plaintiff like Payton cannot sit back and rest on the allegations in her pleadings. *Karpinsky v. Am. Nat'l Ins. Co.*, 109 So. 3d 84, 88 (Miss. 2013) (citing Miss. R. Civ. P. 56(e)). Thus, while Dolgencorp, as the moving party, "carr[ied] the initial burden of *persuading* the trial judge that no issue of material fact exists and [it is] entitled to summary judgment based upon the established facts, [Payton] carrie[d] the burden of *producing* sufficient evidence of the essential elements of her claim at the summary-judgment stage, as she would carry the burden of production at trial." *Id.* at 89.

¶14. An essential element of a negligence claim is breach of duty. And a premises owner like Dolgencorp is not the insurer of the safety of its business invitees like Payton. *J.C. Penney Co. v. Sumrall*, 318 So. 2d 829, 832 (Miss. 1975). Rather, Dolgencorp owes a duty to its customers to "exercise . . . reasonable care in maintaining [its] place of business in a safe condition for the use of his customers . . . ." *Id.* (citing *Sears, Roebuck & Co. v. Tisdale*, 185 So. 2d 916 (Miss. 1966)). In a slip-and-fall case, to show this duty was breached, the plaintiff must prove one of three things—(1) that the business owner, through the negligent act of its employees, created the dangerous condition that allegedly caused the fall, or (2) that the business owner, while not creating the condition, did have actual knowledge of it, or (3) that "the dangerous condition existed for a sufficient amount of time

6

to establish constructive knowledge[.]" ***Munford, Inc. v. Fleming***, 597 So. 2d 1282, 1284 (Miss. 1992).

### I.        No Evidence that Dolgencorp Created or Knew About the Spill

¶15.    Here, Payton presented no evidence that a Dolgencorp employee created the dangerous condition—Carpet Fresh powder on the floor of the main aisle.[3]  Neither did Payton present any evidence that a Dolgencorp employee had actual knowledge that the Carpet Fresh was on the aisle floor before Payton fell.  The day *after* the incident, Harris told Payton what caused her to fall—Carpet Fresh on the floor.  But that cannot support that Harris actually knew the substance was on the floor *before* Payton slipped.

### II.       No Evidence of Constructive Knowledge of the Spill

¶16.    Nor did Payton present any evidence to support her constructive-knowledge theory. To support a slip-and-fall case based on alleged constructive knowledge of the presence of a dangerous substance on a shopping aisle floor, a plaintiff like Payton must present "proof [of] the [substance's] presence on the floor for a sufficient amount of time to give reasonable notice to the proprietor[.]"  ***Waller v. Dixieland Food Stores, Inc.***, 492 So. 2d 283, 286 (Miss. 1986) (citing ***Douglas v. Great Atl. & Pac. Tea Co.***, 405 So. 2d 107, 111 (Miss. 1981)).  But Payton's only proof is wholly speculative.  She argues that the substance must have been on the floor before she entered the store, because no other customer or employee but Harris was there.  Under this Court's precedent, that is not sufficient evidence the Carpet Fresh had been on the floor long enough to give reasonable notice.

---

[3] *See supra* n.1.

¶17.   ***Aultman v. Delchamps***, 202 So. 2d 922 (Miss. 1967), was another slip-and-fall-in-a-grocery-store case.  In ***Aultman***, the store opened at 8:00 a.m., and the plaintiff slipped on an object at 9:30 a.m.  ***Aultman***, 202 So. 2d at 924.  From that, the plaintiff argued one could presume the object had been on the floor for an hour and a half.  ***Id.***  This Court rejected the presumption, finding it "just as logical to assume that the object was thrown there two or three minutes before she stepped on it[.]" ***Id.***  We reasoned that "such a presumption is not sufficient to sustain a recovery on the theory that the object had been placed there and remained there for a sufficient length of time so that the appellee by the exercise of reasonable care should have known of the dangerous condition and removed the object from the floor." ***Id.***; *see also* ***Waller***, 492 So. 2d at 286 (relying on ***Aultman*** to hold that proof by a grocery-store customer, who slipped on pink liquid on aisle floor, that the aisle in question had been inspected two and a half hours before he fell was not sufficient proof of how long the liquid had been in the aisle, because it was just as logical to assume the liquid had been there just one minute before the fall as it was to assume it showed up soon after the inspection).

¶18.   The same is true here.  Payton's only proof is her suggestion that the substance must have been spilled on the floor for a while before she entered the store, because nobody else was there except Harris, who was at the cash register.  But even when we view this evidence in the light most favorable to Payton, she testified she had been there less than a minute when she fell.  So she is in no different position than the plaintiffs in ***Waller*** and ***Aultman***—she has no evidence how long the Carpet Fresh had been on the floor.  It is just as logical to

8

presume it had been spilled mere minutes before she entered the store as it is to presume it was there long enough for Harris, who was working the nearby cash register, to know about and remedy the spill had she been exercising reasonable care.

¶19.    This is what distinguishes this case from *Anderson v. B.H. Acquisition, Inc.*, 771 So. 2d 914 (Miss. 2000).  In that case, which Payton cites, the plaintiff presented evidence of an actual time frame of at least thirty minutes.  *Id.* at 918.  According to the plaintiff and her friends, the oily substance on which she slipped in the driveway of a hotel had to have been there for at least thirty minutes.  *Id.* This is because she and her friends had been waiting on a bus and saw no other cars enter the portico.  *Id.* This Court held that, in light of such testimony, a jury should have been allowed to decide whether thirty minutes, under the circumstances, which included a bellhop stationed nearby, was a sufficient amount of time for the hotel to know about the alleged dangerous condition had it exercised reasonable care. *Id.* at 919.

¶20.    We face a different situation here.  In this case, there is no evidence of a minimal amount of time the substance must have been there beyond the less-than one minute Payton was in the store.  One would have to wholly speculate—without any evidence to back it up—that the Carpet Fresh had been there long enough to establish constructive knowledge. And this Court has been clear that such a presumption is not sufficient to prove the condition existed long enough to establish constructive knowledge.  *Waller*, 492 So. 2d at 286; *Aultman*, 202 So. 2d at 924.

**Conclusion**

¶21.    To survive summary judgment, it is not enough, as the trial judge mentioned, that "there may be a question of fact as to this powder contributing to this fall . . . ." Instead, Payton had to produce sufficient evidence to create a genuine issue of material fact as to whether the Carpet Fresh had been on the floor long enough that Dolgencorp, had it exercised reasonable care, should have known about it and protected Payton from it. Miss. R. Civ. P. 56(c); *Karpinsky*, 109 So. 3d at 89. Payton has not done this. Offering speculation and presumption is not enough. For this reason, the trial judge erred by denying Dolgencorp's motion for summary judgment. We reverse that ruling and render judgment in Dolgencorp's favor, dismissing all Payton's claims against it.

¶22.    **REVERSED AND RENDERED.**

**RANDOLPH, C.J, KITCHENS AND KING, P.JJ., COLEMAN, CHAMBERLIN, ISHEE AND GRIFFIS, JJ., CONCUR. BEAM, J., NOT PARTICIPATING.**