Marvin MCGEE, Plaintiff,

v.

WAL–MART STORES, INC. and John Does 1–5, Defendants.

No.  CIV.A.3:00CV465BN.

United States District Court, S.D. Mississippi, Jackson Division.

June 28, 2001.

Kathryn N. Nester, Kathryn N. Nester, Attorney, Jackson, MS, for plaintiff.

Edley H. Jones, III, Law Offices of Edley H. Jones, III, Ridgeland, MS, for defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on Defendant's Motion for Summary Judgment and Plaintiff's Motion for Rule 56(f) Continuance. Having considered the Motions, and the Response, the Court finds that the Motion for Rule 56(f) Continuance is not well taken and should be denied and that the Motion for Summary Judgment is well taken and should be granted.

### I. Factual Background

On March 26, 1999, Plaintiff Marvin McGee ("McGee") drove to a store maintained by Defendant Wal–Mart Stores, Inc. ("Wal–Mart") on Highway 18 in Hinds County, Mississippi. McGee parked in the parking lot, walked into the store and shopped, and returned to his vehicle. As he was getting into his car, he stepped in a puddle of pink paint that was on the surface of the parking lot. McGee's foot then slipped and

he fell, injuring his shoulder. Consequently, McGee has sued Wal–Mart for his alleged injuries asserting a theory of premises liability.

### II. The Motion for Rule 56(f) Continuance

McGee asserts that he cannot properly respond to the Motion for Summary Judgment of Wal–Mart unless he conducts further discovery. Specifically, McGee seeks to depose store employees Irma Randle and Michael Fields as well as the security guard, George Johnson, who assisted McGee after his fall. In addition, on May 17, 2001, McGee claims to have first learned, through the supplemental responses of Wal–Mart to McGee's Interrogatories, that Crystal Clean, Inc. is a company hired by Wal–Mart to clean the parking lot in question. McGee has subpoenaed all documents of Crystal Clean relevant to the accident with the documents due to McGee on or before June 4, 2001. Accordingly, McGee asserts that this information is necessary in order to respond to the Motion for Summary Judgment of Wal–Mart and asks this Court to continue, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the Motion for Summary Judgment of Wal–Mart until this additional discovery is completed.

In considering the propriety of granting a Rule 56(f) Motion, the United States Court of Appeals for the Fifth Circuit has ruled that, "the nonmovant must present specific facts explaining how postponement of a ruling on the motion will enable him to rebut the movant's showing of the absence of a genuine issue of fact." *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir.1992). In finding that a district court's denial of a Rule 56(f) continuance was proper, the Fifth Circuit approved of the following finding of the district court:

> This court has serious doubts that the plaintiff has met the formal requirements of Rule 56(f) which requires that the plaintiff's affidavit set forth with sufficient particularity the controverting facts that he expected to educe from the discovery which he sought and that those controverting facts would have created a genuine

issue of fact sufficient to forestall the summary judgments which have been filed by the defendants.

*Paul Kadair, Inc. v. Sony Corp. of Am.,* 694 F.2d 1017, 1028 (5th Cir.1983). In addition, "[t]he non-moving party may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment." *Access Telecom v. MCI Telecomm. Corp.,* 197 F.3d 694, 720 (5th Cir.1999).

■ In reviewing the Affidavit submitted by counsel for McGee, the Affidavit only asserts that the above described depositions and documents are needed to respond to the Motion for Summary Judgment. The Affidavit does not specify which facts or what information this discovery is likely to produce. Instead, as in *Access,* the Affidavit is simply a vague statement that the discovery is needed to respond to the Motion of Wal-Mart, and in no way does counsel for McGee inform the Court what she hopes to learn from this discovery. Accordingly, because the Affidavit does not fulfill the requirements of Rule 56(f), the Motion of McGee is denied.

Alternatively, even if the Affidavit did meet the technical requirements of the rule, the Court further finds that McGee has not shown that he has been diligent in pursuing discovery. As the Fifth Circuit has observed, "[a] lack of diligence in obtaining the needed information to oppose a motion for summary judgment should not supply the basis for delay simply by relying on Rule 56(f) of the Federal Rules of Civil Procedure." *Paul Kadair,* 694 F.2d at 1028. The discovery period for this matter ended on May 4, 2001. In the May 30, 2001, Rule 56(f) Motion, McGee does not explain why he has not yet taken the depositions of the two Wal-Mart employees and the security guard. Although those depositions were apparently scheduled for June 7, 2001, as of the date of this Opinion and Order, McGee has not presented to the Court any testimony from those depositions to oppose the Motion for Summary Judgment. McGee had the entire discovery period to take these depositions

and cannot now claim that there was excusable delay.

As for the documents relating to the upkeep of the parking lot by Crystal Clean, McGee claims that he did not learn of the involvement of Crystal Clean until the May 17, 2001, supplemental response of Wal-Mart to McGee's Interrogatories. While this may demonstrate excusable delay, McGee states in his Motion that the documents subpoenaed from Crystal Clean were due on June 4, 2001, almost one month ago. In the time period since, McGee has failed to either inform the Court as to the import of the obtained documents, or to use those documents to respond to the Motion for Summary Judgment.

The Court therefore finds that the Motion for Rule 56(f) Continuance should further be denied due to the lack of diligence on the part of McGee. This Court accommodates attorneys whenever reasonable, but must rely on its case management system in order to move cases through the system. If the lawyers do not conduct discovery within the time period provided in the Case Management Order, it imposes upon the Court's schedule to request extensions of time and continuances. Although McGee has not made the argument, to the extent that counsel for McGee objects to the present finding of the Court on the basis that Wal-Mart has engaged in dilatory tactics to slow down discovery, it is the duty of McGee to file a motion to compel with the magistrate judge, not to ask the trial judge for a continuance while discovery is completed.[1]

The Court must now consider whether to rule upon the Motion for Summary Judgment without a response by McGee. By filing the Rule 56(f) Motion, McGee has received, in effect, as of the date of this Opinion and Order, nearly an additional month in which to respond to the Motion for Summary Judgment. According to McGee, the needed depositions should have been completed and the requested documents should have been turned over by now. Therefore, McGee should have responded to the Motion for Summary Judgment by this point, and because he has not, and has shown no just

---

1. The Court is certainly not accusing counsel for Wal-Mart of such tactics, but merely makes this statement to preempt any request that this Court reconsider its ruling.

reason for his failure, the Court will now consider the Motion for Summary Judgment without a response by McGee. McGee should not sit back and wait for this Court to rule on the Motion for Rule 56(f) Continuance when he has the information necessary to go ahead and respond to the Motion for Summary Judgment.

### III. *The Motion for Summary Judgment*

### A. The Standard for Summary Judgment

Rule 56 of the Federal Rules of Civil Procedure states in relevant part that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The United States Supreme Court held that this language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Moore v. Mississippi Valley State Univ.,* 871 F.2d 545, 549 (5th Cir.1989); *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122 (5th Cir.1988).

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record in the case which it believes demonstrate the absence of a genuine issue of material fact. *Celotex,* 477 U.S. at 323, 106 S.Ct. 2548. The movant need not, however, support the motion with materials that negate the opponent's claim. *Id.* As to issues on which the non-moving party has the burden of proof at trial, the moving party need only point to portions of the record that demonstrate an absence of evidence to support the non-moving party's claim. *Id.* at 323–324, 106 S.Ct. 2548. The non-moving party must then go beyond the pleadings and designate "specific facts showing that there is a genuine issue for trial." *Id.* at 324, 106 S.Ct. 2548.

Summary judgment can be granted only if everything in the record demonstrates that no genuine issue of material fact exists. The district court, therefore, must not "resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence." *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 892 (5th Cir.1980). Summary judgment is improper where the court merely believes it unlikely that the non-moving party will prevail at trial. *National Screen Serv. Corp. v. Poster Exchange, Inc.,* 305 F.2d 647, 651 (5th Cir.1962).

### B. The Merits of the Motion

██ Mississippi law requires the owner or operator of a business to exercise reasonable care in maintaining the premises in a reasonably safe condition, and "if the operator is aware of a dangerous condition, which is not readily apparent to the invitee, he is under a duty to warn the invitee of such condition." *Jerry Lee's Grocery, Inc. v. Thompson,* 528 So.2d 293, 295 (Miss.1988) (citing *Waller v. Dixieland Food Stores, Inc.,* 492 So.2d 283 (Miss.1986)).[2] Where a customer slips on a foreign substance on the floor, or in this case a parking lot, if there is no proof that the proprietor created the condition, it is the "plaintiff's burden to prove either actual or constructive notice on the part of the proprietor of the dangerous...condition of the floor...." *Douglas v. Great Atl. & Pac. Tea Co.,* 405 So.2d 107, 110 (Miss.1981). In order to prove constructive knowledge, a plaintiff must show that the foreign object or substance "had been on the [surface of the parking lot] for such a length of time that in the exercise of reasonable care, the store manager or his employees should have known it." *Sears, Roebuck & Co. v. Tisdale,* 185 So.2d 916, 918 (Miss.1966).

██ McGee has put forward no evidence that it was an employee of Wal–Mart who is responsible for the paint that was spilled on the surface of the parking lot. Therefore, McGee must prove that Wal–Mart had either actual or constructive notice that the puddle

---

2. A federal court, in the exercise of its diversity jurisdiction, is required to apply the substantive law of the state in which it is sitting. *Erie R.R. v.* *Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

**572**

of paint was in the parking lot. In regard to actual notice, McGee has submitted no evidence that any employee of Wal–Mart was actually aware of the paint spill in the parking lot. Finally, as to whether Wal–Mart had constructive notice, McGee has submitted no evidence as to how long the paint spill had been there. Therefore, McGee has failed to demonstrate the existence of a genuine issue of material fact. For these reasons, the Motion for Summary Judgment of Wal–Mart is granted.

## IV. *Conclusion*

Based upon the reasoning set forward in this Opinion and Order:

IT IS THEREFORE ORDERED that the Motion for Rule 56(f) Continuance of Plaintiff [19–1] is hereby denied.

IT IS THEREFORE ORDERED that the Motion for Summary Judgment of Defendant [17–1] is hereby granted.

A separate judgment finally dismissing this case will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.