**Duniya BOOTH, Plaintiff,**

v.

**WAL–MART STORES, INC., Defendant.**

**No. Civ.A. 2:99–CV–2PG.**

United States District Court, S.D. Mississippi, Hattiesburg Division.

Dec. 15, 1999.

Percy W. Watson, Hattiesburg, MS, for Plaintiff.

Edley H. Jones, III, Ridgeland, MS, for Defendant.

### MEMORANDUM OPINION AND ORDER

PICKERING, District Judge.

Before the Court is Defendant's Motion for Summary Judgment. Having considered this motion, the responses, the briefs of counsel, the cited authorities and applicable law, this Court finds as follows:

### FACTUAL BACKGROUND

Originally filed in the Circuit Court of Forrest County, Mississippi, this case was properly removed to this Court based on diversity jurisdiction, 28 U.S.C. § 1332. This cause of action arises from injuries Plaintiff sustained in a slip and fall accident at Defendant's store in Petal, Mississippi.

On January 19, 1998, Plaintiff was shopping at the Petal, Mississippi Wal–Mart store when she slipped and fell on rubbing alcohol spilled in an aisle. As a customer, Plaintiff was an invitee under Mississippi law. Immediately preceding her fall at approximately 10:00 AM, Plaintiff was walking down the aisle on which rubbing alcohol is displayed. Plaintiff's deposition testimony indicates that she was walking in a straight line without looking down, that she was holding a product she intended to purchase in her hand, that she intended to find a sales associate to ask about the product she was holding, and that she did not see anything on the floor when she slipped. After the fall, Plaintiff smelled, but did not see, rubbing alcohol. Neither Plaintiff nor Defendant knows how the rubbing alcohol got on the floor.

Defendant offers affidavits by two of its employees that indicate the condition of the floor both before and after Plaintiff's accident. The store manager avers that, when she walked down the aisle approximately twenty minutes before Plaintiff's accident, she did not see any rubbing alcohol on the floor. After Plaintiff's fall, the store manager saw green rubbing alcohol on the white floor and indicated that she could smell it from approximately fifteen feet away. Another store employee states that approximately ten to fifteen minutes before Plaintiff's accident, she helped Plaintiff find some merchandise and walked with Plaintiff down the same aisle on which Plaintiff's accident occurred. At that time, the store employee did not see anything spilled on the floor.

### SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure provides for summary judgment if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine dispute as to any material fact and that the moving party is

entitled to judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The existence of a material question of fact is itself a question of law that the district court must consider before granting summary judgment. *John v. State of La. (Bd. of T. for State C. & U.),* 757 F.2d 698, 712 (5th Cir.1985).

At the summary judgment stage, this Court is not to weigh evidence and resolve issues of fact, but instead must determine whether there is a genuine issue for trial. A genuine issue for trial exists if there is sufficient evidence to justify a jury verdict for the non-moving party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be proper. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Although Rule 56 is peculiarly adapted to the disposition of legal questions, it is not limited to that role. *Professional Managers, Inc. v. Fawer, Brian, Hardy & Zatzkis,* 799 F.2d 218, 222 (5th Cir.1986). "The mere existence of a disputed factual issue, therefore, does not foreclose summary judgment. The dispute must be genuine, and the facts must be material." *Id.* "With regard to 'materiality', only those disputes over facts that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment." *Phillips Oil Co. v. OKC Corp.,* 812 F.2d 265, 272 (5th Cir.1987). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . all other contested issues of fact are rendered immaterial." *Topalian v. Ehrman,* 954 F.2d 1125, 1138 (5th Cir.1992) (citing *Celotex,* 477 U.S. at 323, 106 S.Ct at 2552). In making its determinations of fact on a motion for summary judgment, the Court must view the evidence submitted by the parties in a light most·favorable to the non-moving party. *McPherson v. Rankin,* 736 F.2d 175, 178 (5th Cir.1984).

In order to prevail, the moving party must demonstrate the lack of a genuine issue of material fact. *Union Planters Nat. Leasing v.. Woods,* 687 F.2d 117 (5th Cir.1982). "Rule 56 contemplates a shifting burden: the nonmovant is under no obligation to respond unless the movant discharges [its] initial burden of demonstrating [entitlement to summary judgment]." *John,* 757 F.2d at 708. "Summary judgment cannot be supported solely on the ground that [plaintiff] failed to respond to defendants' motion for summary judgment," even in light of a Local Rule of the court mandating such for failure to respond to an opposed motion. *Id.* at 709.

Once a properly supported motion for summary judgment is presented, however, the nonmoving party must rebut with "significant probative" evidence. *Ferguson v. National Broad. Co.,* 584 F.2d 111, 114 (5th Cir.1978). In other words, "the nonmoving litigant is required to bring forward 'significant probative evidence' demonstrating the existence of a triable issue of fact." *In Re Mun. Bond Reporting Antitrust Lit.,* 672 F.2d 436, 440 (5th Cir. 1982). To defend against a proper summary judgment motion, one may not rely on mere denial of material facts nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. The nonmoving party's response, by affidavit or otherwise, must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Fed. R.Civ.P. *See also, Union Planters Nat. Leasing v. Woods,* 687 F.2d at 119.

While generally "[t]he burden to discover a genuine issue of fact is not on [the] court," (*Topalian* 954 F.2d at 1137), "Rule 56 does not distinguish between documents merely filed and those singled out by counsel for special attention-the court must consider both before granting summary judgment." *John,* 757 F.2d at 712, *quoting Keiser v. Coliseum Properties, Inc.,* 614 F.2d 406, 410 (5th Cir.1980).

544

## PREMISES LIABILITY

■ Under Mississippi law, a business proprietor owes a duty to an invitee to exercise reasonable care in keeping his business premises in a reasonably safe condition. *Lindsey v. Sears Roebuck & Co.*, 16 F.3d 616, 618 (5th Cir.1994); *Munford, Inc. v. Fleming*, 597 So.2d 1282, 1284 (Miss.1992). Under this duty of care, a business owner must warn an invitee of dangerous conditions, that are not readily apparent, of which the business owner knows or should know in the exercise of reasonable care. *Dickens v. Wal–Mart Stores, Inc.*, 841 F.Supp. 768, 770 (S.D.Miss.1994); *Waller v. Dixieland Food Stores, Inc.*, 492 So.2d 283, 285 (Miss. 1986). The operator of a business, however, is not an insurer against all injuries. *Lindsey*, 16 F.3d at 618. Thus, merely proving the occurrence of an accident on the business premises, without proof that the business operator was negligent, is not sufficient to establish liability. *Id.*

■ Two fundamental rules, under established Mississippi law, are evoked in cases such as this one involving a foreign object on the floor of a business. First, Plaintiff can establish that the business operator was negligent by showing that the business operator caused the dangerous condition. Under this rule, Plaintiff need not prove that the business operator was aware of the dangerous condition. *Lindsey*, 16 F.3d at 618; *Fleming*, 597 So.2d at 1284; *Waller*, 492 So.2d at 285; *Mississippi Winn–Dixie Supermarkets v. Hughes*, 247 Miss. 575, 156 So.2d 734, 736 (1963). Second, when the dangerous condition is caused by a third person, one not connected with the business, Plaintiff, to establish negligence, must prove that the business owner had either actual or constructive knowledge of the dangerous condition. *Id.* "Constructive knowledge is established by proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it." *Waller*, 492 So.2d at 285.

■ To establish negligence under the first rule, Plaintiff bears the burden of proving that Defendant, by its own action, caused the dangerous condition. In this case, Plaintiff has not offered any evidence to show that the presence of the rubbing alcohol on the aisle floor was caused by Defendant's own negligence. In fact, neither party has presented any evidence tending to show what caused the rubbing alcohol to spill on the floor. Therefore, Plaintiff has failed to meet her burden of proof under the first rule and must succeed, if at all, under the second rule.

Under the second rule, Plaintiff must present evidence that would suggest that Defendant, through its employees, had actual or constructive knowledge of the dangerous condition. Plaintiff has not produced any evidence that shows whether, or for how long, Defendant was aware of the dangerous condition. Defendant, on the other hand, through two affidavits, has presented proof that the aisle was clear at least twenty minutes before Plaintiff's accident. Two different employees, one twenty minutes before the accident and the other ten to fifteen minutes before the accident, walked down the aisle and found nothing spilled on the floor. To avoid summary judgment, Plaintiff must produce some evidence to show how long the rubbing alcohol had been on the floor. At this summary judgment stage, in light of Defendant's affidavits, Plaintiff has the burden of demonstrating that there is a genuine issue of material fact—a burden Plaintiff has failed to carry. Plaintiff has provided no evidence to demonstrate that, under Mississippi law, there is a genuine issue of material fact that Defendant had actual or constructive knowledge of the dangerous condition and accordingly, Plaintiff may not proceed. *See Waller*, 492 So.2d at 286 (holding that, in a case in which a man was injured after slipping in a puddle of pink liquid on the floor of a supermarket, a two and one half hour lapse between the accident and the last inspection by an employee is insufficient to establish liability).

This is an unfortunate situation. But the law does not provide redress for every injury. Controlling case law (decisions by the Mississippi Supreme Court) constrains what this Court can do. While this Court can sympathize with Plaintiff's misfortune, this Court cannot, under the law, give force to a cause of action where none exists.

Public policy may dictate that the issue of premises liability be reexamined. A business operator invites a customer onto its premises to purchase items and that business invitee is injured through no fault of his own. Who should be responsible for the medical bills?—the customer or the business establishment? A number of years ago as a matter of public policy the Mississippi Legislature provided recovery without fault for employees injured on the job. We now know that as workers' compensation. As a trade off, the Mississippi Legislature provided reduced recovery but without any requirement of fault. The courts in essence did the same thing under the doctrine of strict liability, deciding that a customer injured by a malfunctioning product can recover without proving fault. Perhaps public policy ought to require at a minimum that a business be required to pay the medical bills of those customers injured on its premises. In this case, this Court has no leeway to make any such public policy decision and should not have any such authority. That is a legislative prerogative. This Court is *Erie* bound to follow the decisions of the Mississippi Supreme Court.

Since Plaintiff has not produced evidence which demonstrates a genuine issue of material fact for a jury on the issue of Defendant's negligence, Defendant is entitled to summary judgment.

IT IS ORDERED AND ADJUDGED that Defendant's Motion for Summary Judgment is GRANTED.

SO ORDERED AND ADJUDGED.