Michael J. ELLIS and Vivian G. Ellis, Plaintiffs

v.

COUNTRYWIDE HOME LOANS, INC. and X, Y, Z Corporations, Defendants.

Civil Action No. 1:07cv118–HSO–JMR.

United States District Court, S.D. Mississippi, Southern Division.

March 4, 2008.

Alfred Zachariah Butterworth, Gary McKay Yarborough, Jr., Hesse & Butterworth, Bay St. Louis, MS, for Plaintiffs.

Frank Edwin McRae, III, McGlinchey Stafford, Jackson, MS, for Defendants.

### ORDER AND REASONS GRANTING DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S MOTION FOR SUMMARY JUDGMENT

HALIL SULEYMAN OZERDEN, District Judge.

BEFORE THE COURT is a Motion for Summary Judgment [16] pursuant to FED. R.CIV.P. 56, filed on August 17, 2007, on behalf of Defendant Countrywide Home Loans, Inc. ("Countrywide"), in the above captioned cause. Plaintiff filed a Response [22] on August 31, 2007. After consideration of the submissions and the relevant legal authorities, and for the reasons discussed below, the Court finds that the Motion must be granted.

### I. FACTS AND PROCEDURAL HISTORY

Prior to August 29, 2005, Plaintiffs acquired a loan from Countrywide on their residence. *See* Pls.' Compl. ¶ 4. Plaintiffs claim that under the National Flood Insurance Act of 1969 ("NFIA"), Countrywide, as the lending institution, was statutorily required to determine whether their residence was located within a federally recognized flood zone, known as a Special Flood Hazard Area ("SFHA"). *See id.* ¶ 5.

Pursuant to its statutory duty, Countrywide had a flood certification of the property conducted. *See* Br. in Supp. of Def.'s Mot. at p. 2. The flood certification showed that Plaintiffs' residence was not located within a SFHA as defined by the NFIA. *See id.; see also* Flood Certification, attached as Ex. "A" to Def.'s Mot. Based on this determination, Countrywide did not require, and Plaintiffs did not obtain, flood insurance for the residence under the NFIP. *See* Pls.' Compl. ¶ 8; *see also* Br. in Supp. of Def.'s Mot. at p. 2.

On or about August 29, 2005, Hurricane Katrina struck the Mississippi Gulf Coast, causing water and wind damage to Plaintiffs' residence. *See* Pls.' Compl. at ¶ 9. In the course of rebuilding their residence, Plaintiffs discovered that their property was in fact located within a SFHA required by the NFIA to be insured against flood. *See id.* ¶ 10.

Plaintiffs filed this lawsuit on the basis of diversity jurisdiction, asserting the fol-

lowing claims against Countrywide: (1) negligently representing and advising Plaintiffs that the subject property was not within a SFHA, and that flood insurance was not required to be placed on the property; (2) negligently determining that the subject property was not within a SFHA, and that flood insurance was not required to be placed on the property; (3) negligently failing to determine that the subject property was within a SFHA based on the 1983 flood plain map; (4) negligently failing to inform Plaintiffs that the subject property was within a SFHA and that Plaintiffs were required to carry flood insurance; and, (5) negligently failing to keep flood insurance on the subject property, as required by the NFIA.

Defendant's Motion seeks summary judgment on the grounds that (1) the NFIA does not create a private right of action in favor of mortgage borrowers; (2) Plaintiffs cannot establish the existence of any legally recognized duty owed them by Countrywide; (3) Plaintiffs' claims are contradicted by the flood zone certification attached to their Complaint; and (4) permitting Plaintiffs' tort claims to proceed would run afoul of the principles of the NFIA.

## II. *DISCUSSION*

### A. *Applicable Legal Standard*

Rule 56(c) of the Federal Rules of Civil Procedure states that the judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a moving party is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56. The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Meyers v.*

*M/V Eugenio C.*, 842 F.2d 815, 816 (5th Cir.1988).

The mere existence of a disputed factual issue does not foreclose summary judgment. The dispute must be genuine, and the facts must be material. *See Booth v. Wal–Mart Stores, Inc.*, 75 F.Supp.2d 541, 543 (S.D.Miss.1999). With regard to "materiality," only those disputes of fact that might affect the outcome of the lawsuit under the governing substantive law will preclude summary judgment. *See id.* (*citing Phillips Oil Company v. OKC Corp.*, 812 F.2d 265, 272 (5th Cir.1987)). Where "the summary judgment evidence establishes that one of the essential elements of the plaintiff's cause of action does not exist as a matter of law, . . . . all other contested issues of fact are rendered immaterial." *Id.* (*quoting Topalian v. Ehrman*, 954 F.2d 1125, 1138 (5th Cir.1992)).

To rebut a properly supported motion for summary judgment, the opposing party must present significant probative evidence, since there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. *See Booth*, 75 F.Supp.2d at 543. If the evidence is merely colorable, or is not significantly probative, summary judgment is appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The non-movant may not rely on mere denials of material facts, nor on unsworn allegations in the pleadings or arguments and assertions in briefs or legal memoranda. *See Booth*, 75 F.Supp.2d at 543.

Because this is a case of diversity jurisdiction, the Court must apply state substantive law. *See Krieser v. Hobbs*, 166 F.3d 736, 739 (5th Cir.1999); *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79–80, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The core of what has become known as the "*Erie* Doctrine" is that the substan-

tive law to be applied by a federal court in any case before it is state law, except when the matter before the court is governed by the United States Constitution, an Act of Congress, a treaty, international law, the domestic law of another country, or in special circumstances, by federal common law.

*Hanley v. Forester,* 903 F.2d 1030, 1032 (5th Cir.1990).

### B. History of the National Flood Insurance Act ("NFIA")

As explained in this Court's opinion in *Lusins v. First Amer. R.E. Solutions of Tex., L.P.,* No. 1:06cv646, 2007 WL 1745625 (S.D.Miss.2007), the NFIA authorized the Government to establish the National Flood Insurance Program ("NFIP"), which offered property owners the opportunity to voluntarily purchase reasonably-priced flood insurance from the Government. The NFIA was amended in 1973 to enact the Flood Disaster Protection Act (the "Act"). *See* 42 U.S.C. § 4012a(b)(1). The Act requires flood insurance for loans secured by improved real estate located within a SFHA. It also requires banks and other lending institutions ("Regulated Lenders") to determine whether property is located within a SFHA and, if so, to ensure that flood insurance is obtained. *See* 42 U.S.C. §§ 4104a and 4012a(b)(1). Under the Act, Regulated Lenders are permitted to delegate the task of making a SFHA determination to third parties. *See* 42 U.S.C. § 4104b(d).

### C. Common law Causes of Action Under the NFIA

■ The law is clear that no private right of action exists under the NFIA against a Regulated Lender for failure to make an accurate flood zone determination. *See Till v. Unifirst Fed. Sav. & Loan Ass'n,* 653 F.2d 152, 154 (5th Cir.

1981). However, lack of a private cause of action pursuant to the NFIA does not per se foreclose the possibility of a state law cause of action against Regulated Lenders. *See id.* "Of course, the question of whether a common law right of action exists for violations of the NFIA is a matter of state law." *Audler v. CBC Innovis Inc.,* 519 F.3d 239, 252–53 (5th Cir.2008). The Court has not been directed to any Mississippi state court decisions which have specifically addressed whether borrowers can assert common law causes of action against Regulated Lenders predicated on erroneous flood zone determinations. This Court must therefore make an *Erie* guess as to how Mississippi courts would likely decide this question.

■ When making an *Erie* guess in the absence of specific guidance from the Mississippi Supreme Court, "[t]he federal court must keep in mind ... that its function is not to choose the rule that it would adopt for itself; it must choose the rule that it believes the state's highest court ... is likely to adopt in the future." *Jackson v. Johns–Manville Sales Corp.,* 781 F.2d 394, 398 (5th Cir.1986)(*overruled, in part, on other grounds* ). In making this prediction, the Fifth Circuit has cautioned that a federal court sitting in diversity must forecast state substantive law with caution. *See id.*

In matters of [Mississippi] substantive law, our relationship to the [Mississippi] Supreme Court is all but identical to that of a [lower Mississippi] court. Indeed, if it differs at all as regards substantive innovation, it is weaker instead of stronger than that of such a court. Even in the rare case where a course of [Mississippi] decisions permits us to extrapolate or predict with assurance where that law would be had it been decided, we should perhaps—being out of the mainstream of [Mississippi] jurisprudential developments—be more

chary of doing so than should an inferior state tribunal.

*Id.* (*citing Rhynes v. Branick Mfg. Corp.*, 629 F.2d 409, 410 (5th Cir.1980)).

When presented with an opportunity to expand state substantive law to create new causes of action, the Mississippi Supreme Court has generally declined to do so, and the Fifth Circuit has followed suit. *See Cargill, Inc. v. Offshore Logistics, Inc.*, 615 F.2d 212, 215 (5th Cir.1980)("it is up to state high court, and not federal court, to change state law"); *Green v. Amerada–Hess Corp.*, 612 F.2d 212, 214 (5th Cir. 1980) ("we decline the invitation to create law for Mississippi ..."); *see also Paz v. Brush Engineered Materials, Inc.*, 949 So.2d 1, 3 (Miss.2007)(refusing to recognize a cause of action based upon medical monitoring); *Dowdle Butane Gas Co. v. Moore*, 831 So.2d 1124, 1128 (Miss.2002)(refusing to recognize intentional spoilation of evidence as an independent cause of action).

In *Kearney v. First Horizon Home Loan Corp.*, No. 1:07cv121, 2007 WL 4302963 (S.D.Miss. Dec.6, 2007), and *Lusins v. First American Real Estate Solutions of Texas, L.P.*, No. 1:06cv646, 2007 WL 1745625 (S.D.Miss. June 14, 2007), this Court addressed nearly identical facts and claims and declined to extend Mississippi law to allow state law negligence claims against Regulated Lenders for erroneous flood zone determinations. Because the allegations in those cases attempted to rely on duties imposed by the NFIA to create a standard of care for common law negligence claims, the Court dismissed those cases employing a negligence per se analysis. *See also Duong v. Allstate Ins. Co.*, 499 F.Supp.2d 700, 703–04 (E.D.La.2007)(disallowing plaintiff's negligence claim, in part, since any alleged duty to provide the correct determination of the flood zone had to arise out of the NFIA, since plaintiffs could not assert that the duty stemmed from any other place in state law; it was immaterial to the Court that the plaintiff did not actually plead a violation of the NFIA or negligence per se); *Callahan v. Countrywide Home Loans, Inc.*, No. 06–105, 2006 WL 2993178, at *1 (N.D.Fla. Oct.20, 2006)(stating "[t]he [NFIA] provides for and regulates ... flood zone determinations to ensure that lenders comply with its flood insurance provisions. Therefore, any duty [lender] owed to Plaintiff, either from the contract ... or from an ordinary negligence standard, would have arisen from the [NFIA], a breach of which would violate the [NFIA]. For this reason, Plaintiffs claims are based directly on alleged violations of the [NFLA].)" Similarly, Plaintiffs' claims here cannot survive a negligence per se analysis as employed in *Lusins* and *Kearney*.[1]

---

1. The Court reasoned that, under Mississippi law, "failure to act in accordance with the statutes does not in and of itself establish negligence; however, violation of the statutes will be generally found to constitute 'negligence per se' if (1) the plaintiff was in the class of persons the statute was designed to protect, and (2) the injury the plaintiff sustained was the kind of injury the statute was designed to prevent." *State Farm Auto Ins. Cos. v. Davis*, 887 So.2d 192, 194 (Miss.Ct. App.2004); *see also Lusins*, 2007 WL 1745625, at *2. In the absence of Mississippi law on the issue, the Court made an *Erie* guess and held that the Mississippi Supreme Court would most likely determine that bor-

rowers are not within the class protected by the NFIA. *See Kearney*, 2007 WL 4302963, at *2 (*citing Lusins*, 2007 WL 1745625, at *2); *see also Audler*, 519 F.3d at 250–51 (stating "[a]lthough Congress intended to help borrowers damaged by flooding, 'the principal purpose in enacting the [NFIP] was to reduce, by implementation of adequate land use controls and flood insurance, the massive burden on the federal fisc of the ever increasing federal flood disaster assistance.' Therefore, the purpose of the requirement that a lender obtain a flood zone determination is not to inform the borrower of the home's flood zone status, but rather to protect the lender and the

Nor have Plaintiffs cited any case, Mississippi or otherwise, allowing recovery for common law claims predicated on allegedly erroneous flood zone determinations by Regulated Lenders under an ordinary negligence standard.[2] Those "state courts that have considered the issue have rejected any such common law cause of action, based in part on principles of federalism." *Audler*, 519 F.3d at 252–53 (*citing Mid–Am. Nat'l Bank of Chicago v. First Sav. & Loan Ass'n of S. Holland*, 161 Ill.App.3d 531, 113 Ill.Dec. 367, 515 N.E.2d 176 (1987)); *see also Callahan*, 2006 WL 2993178, at *1 (stating "it would implicate serious federalism concerns to allow such claims to stand, and, consequently, 'most states dealing with this issue have held that these federalism concerns preclude *any state common law action* based on a violation of the NFIA.' " (emphasis in original)(internal citations omitted)); *Lukosus v. First Tennessee Bank National Ass'n*, No. 02–84, 2003 WL 21658263, at *2 (W.D.Va. July 9, 2003)(*citing R.B.J. Apartments, Inc. v. Gate City Savings & Loan Assoc.*, 315 N.W.2d 284, 290 (N.D.1982)). There is no reason to believe that the Mississippi Supreme Court would be any less concerned about these principles of federalism than other state courts that have considered this issue. *See Audler*, 519 F.3d at 252–53.

Absent clear guidance from Mississippi courts, and due to the reluctance of this Court and other jurisdictions to find common law causes of action under the NFIA for incorrect flood zone determinations, this Court must decline to extend Mississippi law under these circumstances.[3]

## III. CONCLUSION

Viewing the evidence in the light most favorable to the nonmoving party, the Court finds that there are no disputes of material fact and that Defendant is entitled to judgment as a matter of law. For the reasons stated more fully herein, Defendant's Motion must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, for the reasons stated more fully herein, the Motion [16] of Defendant Countrywide Home Loans, Inc., for Summary Judgment, filed on August 17, 2007, pursuant to FED.R.CIV.P. 56, should be and is hereby **GRANTED,** and judgment shall be rendered forthwith in favor of Defendant.

federal government from the financial risk that is posed by uninsured homes located in flood zones" (*quoting Till*, 653 F.2d at 159)); *Wentwood Woodside I, LP v. GMAC Commercial Mortg. Corp.*, 419 F.3d 310, 323 (5th Cir.2005)(stating "[e]very single federal court to consider whether a federal private right of action arises under section 4012a has concluded that the federal treasury, not individual mortgagors, ... is the class the statute intends to protect").

2. Plaintiffs cite *McKinnon v. Batte*, 485 So.2d 295 (Miss.1986), for the proposition that Mississippi allows recovery for state law negligence claims under the NFIP for incorrect flood zone determinations. However, *Batte* only addresses the liability of insurance agents and surveyors who were independently and directly hired by plaintiffs. It does not address the question of any potential liability of Regulated Lenders.

3. A Motion [20] for Leave to File First Amended Complaint is also currently pending before the Court. Plaintiffs seek to add the flood zone determination company, Landsafe, as a Defendant in this case and assert claims of negligence, negligent misrepresentations, and breach of implied contract against it. Because the same analysis set forth in this Order is applicable to flood zone determination companies, the Court is of the opinion that common law causes of action cannot be asserted against Landsafe and that the Motion does nothing to save this case from dismissal. The proposed amendment would therefore be futile. *See, e.g., Audler*, 519 F.3d 239(dismissing plaintiff's claims against a flood zone determination company).

IT IS, FURTHER, ORDERED AND ADJUDGED that, all remaining pending motions are hereby **DENIED AS MOOT.**

**SO ORDERED AND ADJUDGED.**